# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR., | CASE NO. 1:05-CV-00010 AWI LJO P |
| Plaintiff, | ORDER REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT |
| v. | (Doc. 1) |
| PECK, et al., | |
| Defendants. | |

This is a civil action filed by plaintiff Robert Lee Robins, Jr. ("plaintiff"), a state prisoner proceeding pro.  The action was removed from the Kings County Superior Court to this Court by defendant Nola Grannis ("defendant") on January 3, 2005.  On January 18, 2005, pursuant to Federal Rule of Civil Procedure 12(b), defendant filed a motion to dismiss for failure to exhaust and failure to state a claim.  Plaintiff filed an opposition on February 1, 2005, and defendant filed a reply on February 3, 2005.

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1]  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480,

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1

1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction."  Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

In her notice of removal, defendant states, "Plaintiff's complaint is couched as state claims.  However, Plaintiff, a lay person, was using a state civil form, which structures the complaint as involving state claims, when a fair reading of the complaint as a whole, including the attachments, reflect clear federal constitutional claims, including a violation of the First, Eighth and Fourteenth Amendments."  (Doc. 1, 2:5-8.)  "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.

Defendant's contention that this action arises under federal law is not supported by a review of plaintiff's complaint.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal).  Although plaintiff could have brought this action in this Court pursuant to 42 U.S.C. § 1983 and alleged that defendant violated his rights under the United States Constitution, he did not do so.  The fact that plaintiff is currently litigating other section 1983 actions in this Court amply demonstrates that plaintiff is aware of the option to litigate federal constitutional claims in this Court.[2]  Plaintiff's decision to file suit in state court utilizing a state civil complaint form alleging state law claims demonstrates that plaintiff exercised his right to rely exclusively on state law.  Caterpillar, Inc., 482 U.S. at 392.  Although  defendant is correct that the exhibits are part of the pleading, Fed. R. Civ. P. 10(c), the Court rejects defendant's assertion that because an inmate appeal attached to the

---

[2] The Court takes judicial notice of Robins v. Blevins CV-F-99-6364 AWI LJO P and Robins v. Ritchie CV-F-01-6396 REC SMS P.

2

complaint contains mention of plaintiff's constitutional rights, the complaint contains clear federal claims.

This Court lacks subject matter jurisdiction over this action and it shall therefore be remanded to Kings County Superior Court.

Accordingly, this Court hereby:

1. REMANDS this action to the Kings County Superior Court; and
2. DIRECTS this Court's clerk to serve a copy of this order on the Kings County Superior Court and to serve the parties in the customary manner.

IT IS SO ORDERED.

**Dated:   May 13, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE